*Exhibit 1*

*Exhibit 1*

THOMAS J. GIBSON, ESQ.
Nevada Bar No. 003995
GIBSON LAW GROUP, PLLP
2340 East Calvada Blvd., Suite 5
Pahrump, Nevada 89048
Telephone No. (775) 209-1035
Fax No. (775) 624-9778
tgibson@gibsonlawgroup.net

**ISSUED**

*Attorney for Plaintiff,*
*Charles Galloway*

The undersigned does hereby affirm that this document does not contain the social security number of any person.

### IN THE FIFTH JUDICIAL DISTRICT COURT OF THE
### COUNTY OF NYE, STATE OF NEVADA

CHARLES GALLOWAY

    Plaintiff,

vs.

NYE COUNTY, NEVADA, a political subdivision of the State of Nevada, SHERIFF SHARON WEHRLY, LIEUTENANT DAVID BORUCHOWITZ, and DOES 1-10,

    Defendants.

Case No: CV39820
Dept. No: 2

### SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT THE COUNTY OF NYE:** A civil Complaint has been filed by the Plaintiff(s) against you for the relief as set forth in the Complaint.

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

           (a)    File with the Clerk of this Court, whose address is shown below, a

Page 1 of 2

formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

SAM MERLINO
CLERK OF THE COURT

By: _Veronica Aguilar_    13/31/18
        Deputy Clerk                Date

Submitted by:

THOMAS J. GIBSON, ESQ.
Nevada Bar No. 003995
**GIBSON LAW GROUP**
2340 E. Calvada Blvd. #5
Paruhmp, NV 89060
Telephone: (775) 209-1035
Facsimile: (775) 624-9778
tgibson@gibsonlawgroup.net

*Attorney for Plaintiff,*
*Charles Galloway*

Page 2 of 2

FILED
FIFTH JUDICIAL DISTRICT

DEC 3 1 2018

Nye County Clerk
_____Deputy
Veronica Aguilar

**COMP**
THOMAS J. GIBSON, ESQ.
Nevada Bar No. 003995
GIBSON LAW GROUP, PLLP
2340 East Calvada Blvd., Suite 5
Pahrump, Nevada 89048
Telephone No. (775) 209-1035
Fax No. (775) 624-9778
tgibson@gibsonlawgroup.net

*Attorney for Plaintiff*
The undersigned does hereby affirm that this document does not contain the social security number of any person.

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

## IN THE FIFTH JUDICIAL DISTRICT COURT OF THE COUNTY OF NYE, STATE OF NEVADA

CHARLES GALLOWAY,

    Plaintiff,

vs.

NYE COUNTY, NEVADA, a political subdivision of the State of Nevada, SHERIFF SHARON WEHRLY, LIEUTENANT DAVID BORUCHOWITZ, and DOES 1-10,

    Defendants.

CASE NO: CV34820
DEPT. NO: 2

**COMPLAINT**

Plaintiff, CHARLES GALLOWAY by and through his attorney of record, GIBSON LAW GROUP, PLLC, for causes of actions against Defendants NYE COUNTY, a political subdivision of the State of Nevada, SHERIFF SHARON WEHRLY, LIEUTENANT DAVID BORUCHOWITZ and DOES 1-10, inclusive (collectively referred to as "Defendants"), complain against Defendants and request a trial by jury as follows:

## I.    INTRODUCTION

1.    CHARLES GALLOWAY was a forty-two (42) year old inmate at the Nye County Detention Center ("NCDC") after he was arrested and incarcerated for criminal charges. He had been injured previously having suffered a broken arm about two weeks prior to the arrest at issue. As a result of deliberate indifference, Plaintiff's injuries were exacerbated by arresting Deputies and the Sheriff or her agents who apparently ignored Plaintiff's obviously serious medical needs.

2.    Mr. Galloway suffered from a broken arm which occurred on November 11, 2016, which was reinjured during Plaintiff's arrest on December 24, 2016, an easily maintainable condition that would not normally cause harm to him had Defendants provided him with proper and timely medical attention and treatment.

3.    Instead, Plaintiff's orthopedic condition condition went essentially untreated and was allowed to atrophy his body and now Plaintiff suffers from a deformed and nearly unusable arm.

4.    Mr. Galloway suffered from permanent and painful side effects each day his medical condition went untreated. To date Plaintiff's arm remains crippled and causes him pain and suffering, daily.

5.    To make matters worse, Mr. Galloway is presently incarcerated with the Nevada Department of Prisons. Mr. Galloway is in constant pain and has no use of his arm. Not only does Plaintiff live in pain, he is not able to get employment at the prison and is unable to effectively defend himself against violence from other inmates.

## II.    JURISDICTION AND VENUE

6.    This action arises under the Nevada Constitution and Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. §

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd, Suite 5
Pahrump, NV 89048

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

1983 and 42 U.S.C. §1988. The Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §§1331, 1343, 2201.

7.    This case is instituted in the Fifth Judicial District Court in Pahrump, Nevada pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

8.    Supplemental pendent jurisdiction is based on 28 U.S.C. §1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

### III.    PARTIES

9.    At all times pertinent hereto, the Plaintiff CHARLES GALLOWAY, was a resident of the State of Nevada and a citizen of the Unites States of America.

10.    Defendant Nye County is a political subdivision of the State of Nevada and is the public entity ultimately responsible for operation of the Nye County Detention Center (NCDC) located at 1521 Siri Lane, Pahrump, NV 89048.

11.    Nye County is sued under Nevada law and 42 U.S.C.§1983 with respect to the hereinafter challenged deliberately indifferent policies and practices for the care and treatment of persons detained at the NCDC.

12.    Nye County is liable under the non-delegable duty doctrine for the deliberately indifferent policies of the NCDC and its supervisors, Defendant Sheriff Sharon Wehrly and does 1-10.

13.    At all times relevant herein, Defendant Sheriff Sharon Wehrly, who is and was the Nye County Sheriff for all relevant times and dates in this matter, is a resident of Nevada and a citizen of the United State of America. Defendant Wehrly was an employee of Nye County, acting under the color of state law.

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd, Suite 5
Pahrump, NV 89048

14.    At all times relevant herein, Defendant David Boruchowitz was an employee in the Chain of Command acting as Under Sheriff for Nye County Sheriff's Office, thereby acting under the color of state law.

15.    Defendant David Boruchowitz, is a Lieutenant at the Nye County Sheriff's Department, is a resident of Nevada and a citizen of the United States of America. Defendant Boruchowitz was an employee in the Chain of Command acting as the person in charge of the Nye County Detention Center, thereby acting under the color of state law.

16.    At all times relevant hereto, Defendant DOES were and are the correctional officers on duty at all relevant times herein. The names of these officers are unknown to Plaintiff at this time and Plaintiff therefore reserves the right to amend his complaint when this information becomes available through discovery.

### IV.    STATEMENT OF FACTS

17.    Mr. Galloway was a pre-trial detainee at NCDC from, December 24, 2016 until he was sentenced to the Nevada Department of Prisons for his underlying criminal case on or about May 18, 2017.

18.    On or about November 11, 2016, Plaintiff broke his arm and was treated by the Desert View Hospital in Pahrump, Nevada. Plaintiff was given aftercare instructions by treating medical personnel.

19.    On or about December 24, 2016 Plaintiff was arrested by Deputies of the Nye County Sheriff's Office. Based on information and belief, one of the arresting Deputies refractured Plaintiff's arm during his arrest. Plaintiff was taken to Desert View Hospital by the arresting Deputies for treatment of the refractured arm before being transported to the detention center. Unfortunately, there was no orthopedic surgeon on duty at the time Plaintiff was at Desert View. The treating physician merely re-splinted but did not reset the fracture. Plaintiff was

advised to schedule an appointment with an orthopedic specialist as soon as possible and was released to the detention center.

20. Plaintiff was incarcerated at Nye County Detention Center and made several requests to be seen by an orthopedic surgeon as directed by treating physicians at Desert View. Unfortunately, the personnel at the detention center neglected to make a timely appointment for Plaintiff.

21. Approximately 3 months after the reinjury and after several requests made to see a doctor, the Sheriff finally transported Plaintiff to University Medical Center. Plaintiff was seen by treating physicians who informed Plaintiff that the Sheriff had waited too long to have Plaintiff treated for the re-facture. The Doctor who spoke with Plaintiff explained that due to the excessive length of time, Plaintiff's arm would need rebroken and set with metal rods inserted. Plaintiff was released back to the detention center without any further treatment.

22. Based on information and belief Plaintiff's arm continues to be basically useless and he suffers with pain. Plaintiff is an inmate at High Desert Correctional facility. Due to his injured arm Plaintiff is at risk of being hurt by other inmates as he is unable to defend himself. In addition, Plaintiff's injuries prohibit him from getting a job at the prison, which would earn him money and possibly shorten his sentence.

### Allegations Relating to *Monell* Liability

23. Medical care in jails has become scandalously deliberately indifferent, causing serious injuries and death to countless inmates around the Country.

24. Many of these injuries and deaths are from entirely preventable or treatable diseases that rarely injure or kill people outside of jail.

25. A major factor in this nationwide pattern is the use of private, for-profit, medical companies in providing care in jails, a practice motivated by a desire to cut costs.

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

26. The use of private companies, and the respective contracts shifting various costs between counties is private companies, encourage cost reduction and discourage proper oversight. The for-profit motive contributes significantly to the development of widespread practices, policies and training that cause deliberate indifference to serious medical needs, including incentivizing use of the appropriate level medical staff to evaluate illness and transfers for needed medical care, and treating inmates as though their known serious needs are faked or exaggerated.

27. Nye County is part of this nationwide problem and has had numerous complaints about inadequate medical treatment.

28. Upon information and belief, Nye County maintains deficient contracts with medical providers to specifically provide upper level medical care, including doctor, physician assistant and nurse practitioner services.

29. Upon information and belief, Nye County has been negligent in maintaining inadequate protocols and training related to such medical providers, including when to engage on-call doctors.

30. Upon information and belief, Nye County lacked the necessary involvement with medical providers to provide adequate Physicians, Nurse Practioners or Physician Assistants care for the inmate population.

31. Upon information and belief, the Defendants failed to provide inmates adequate access to medical providers.

32. Upon information and belief, it is with the Defendant's discretion on the number of hours necessary to ensure constitutionally adequate medical care.

33. On information and belief, no Physician or Nurse Practitioner or Physician Assistant was in the jail to see Plaintiff because he became ill at a time in which they were not present.

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd, Suite 5
Pahrump, NV 89048

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

34. Nye County and NCSO Sheriff Sharon Wehrly maintained unconstitutional policies and customs regarding providing emergency and/or higher level care in a timely manner.

35. It was well known by the Defendant prior to Plaintiff's medical emergency that there was a widespread pattern and practice of deliberately indifferent medical care in NCDC which include: not having inmates seen or evaluated by higher level medical providers, even when necessary to prevent serious injury or death; allowing and training nurses to practice outside their nursing scope; refusing to transfer inmates to higher level of acuity even where necessary to prevent serious injury or death; and, a widespread custom and tolerated practice and habit of treating all inmate detainee illnesses as faked or not serious until an inmate/detainee can prove otherwise, often to save money on providers and testing.

36. The medical protocols employed by the correctional officers and/or nurses should be signed by a doctor, believed to be the NCDC's agent. This same person should be over signing nursing use of protocols and thus necessarily involved in the nursing care provided to patients.

37. NCDC, by and through Defendant Nye County, have failed to adequately train the COs of NCDC and or nursing staff on these protocols, including when to seek transport of an inmate for emergency or related medical services or call the doctor and how to effectively communicate with a doctor about a patient's condition.

38. NCDC, by and through Defendant Nye County, have failed adequately train and supervise their nursing staff, amounting to deliberate indifference to the serious medical needs of inmates presenting with serious conditions requiring medical evaluation and treatment.

39. These Defendants are deliberately indifferently trained not to treat serious symptoms immediately and instead adopt a reckless wait and see approach without meaningful or appropriate evaluation.

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

40.    The need for such training and the probability that the failure to provide such training would cause an inmate like Plaintiff to suffer permeant, life debilitating injures is so obvious that Nye County and Sheriff's failure to do so constitute deliberate indifference to Mr. Galloway's serious medical needs.

41.    Sheriff Sharon Wehrly and Nye County Defendants apparently adopted deliberately indifferent customs and practices regarding the staffing of NCDC from the previous administration.

42.    Nye County, Wehrly, and Boruchowitz are responsible for training and supervision of NCDC officers. They adopt a reckless wait and see approach to serious medical conditions and did not immediately have inmates with symptoms indicating serious conditions timely evaluated by higher-level providers.

43.    A wait and see approach for inmate is reckless and deliberately indifferent.

44.    A motivating factor in this reckless wait and see approach is the financial impact of hospitalization of these entity Defendants.

45.    This reckless wait and see approach is controlled by the general widespread protocol of not spending the money to have patients evaluated in a timely fashion.

46.    Based on information and belief, no parties involved at the NCDC or Nye County have been disciplined because of this needless event.

47.    Thus, in 2016, Charles Galloway was treated with reckless deliberate indifference by Nye County employees and personnel located at NCDC evidenced by their multiple conscious refusals to act and utter abandonment of this man in medical crisis, including their deliberately indifferent refusal to let him see a doctor in a timely fashion.

///

///

///

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd, Suite 5
Pahrump, NV 89048

## V.    CLAIMS FOR RELIEF

### COUNT I
### Violation of 42 U.S.C § 1983 – 14th Amendment
### Deliberately Indifferent Medical Care
### (Against all Named Defendants and DOES 1-10)

48.    Plaintiff incorporate by reference the allegations in paragraphs 1 to 47 of the Complaint, as if fully set forth herein.

49.    42 U.S.C. §1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secure by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . ."

50.    Plaintiff Charles Galloway is a citizen of the United States and Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

51.    Plaintiff was a pre-trial detainee at the NCDC.

52.    As a pre-trial detainee, Mr. Galloway was protected from deliberate indifference to his known serious medical needs by the Fourteenth Amendment.

53.    Under the Fourteenth Amendment, Mr. Galloway is also protected from conduct that is not rationally related to a legitimate nonpunitive governmental purpose or actions that appear excessive in relation to that purpose under *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015).

54.    To the extent he was under any conviction, Mr. Galloway was also protected from deliberate indifference to his known serious medical needs by the Eighth Amendment.

55.    Each individual Defendant knew or should have known of these clearly established rights at the time of Mr. Galloway was incarcerated into the NCDC on December 24, 2016 until his release.

56.    Each individual Defendant to this claim, at all times relevant hereto, was acting under color of state law.

57.    Individual Nye County Sheriff's Office employees knew of and disregarded the risks associated with Mr. Galloway's serious medical condition and nonetheless, with deliberate indifference, decided not to report the severity of the symptoms or their ongoing nature, or obtain a medical evaluation or necessary urgent medical care. They did so despite being expressly aware of Plaintiff's known serious medical needs, obvious need for the same and recklessly disregarding a substantial risk of physical harm to Plaintiff.

58.    When Mr. Galloway, alerted each individual Defendants to his need for medical assistance, Defendants acted with deliberate indifference to his readily apparent need for medial attention and his constitutional rights by refusing to obtain and provide the appropriate medical treatment.

59.    These Defendants acted with deliberate indifference to Mr. Galloway's deteriorating condition.

60.    All of the deliberate acts of indifference by each individual Defendant were conducted within the scope of their official duties and employment.

61.    The Defendant's failure to provide proper medical care to treat Mr. Galloway's known serious medical needs was not rationally related to a legitimate non-punitive governmental purpose.

62.    The acts or omissions of each individual Defendant were the legal and proximate cause of Mr. Galloway's exacerbation of his preexisting injuries which were exacerbated by arresting officers and detention center personnel.

63.    As a direct result of Defendants' unlawful conduct, Mr. Galloway suffered extreme physical and mental pain and suffering for days before ultimately losing the use of his arm.

Page 10 of 16

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

64.    These intentional actions and inactions of each individual Defendant as described herein intentionally deprived Mr. Galloway of due process and of rights, privileges, and liberties secured by the Constitution of the United States of America causing him damages.

65.    As a proximate result of the individual Defendants' unlawful conduct, Plaintiff has suffered injuries and losses, including the loss of use of his arm, entitling him to recover his compensatory and special damages, including for loss of constitutional rights, loss of enjoyment of life, and his herein described horrific and terrifying pain and suffering during his adequate medical treatment, lost earnings and earnings capacity for the expected productive working lifetime, all in amounts to be proven at trial.

66.    Plaintiff' is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, prejudgment interest and costs as allowable by federal law.

67.    In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against individual Defendants, in that the actions were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

68.    As a result, Plaintiff suffered damages, in excess of $10,000, in an amount to be proven at trial.

**COUNT II**
**Violation of 42 U.S.C. §1983**
**Deliberately Indifferent Policies**
**(Against all Named Defendants and DOES 1-10)**

69.    Plaintiff incorporate by reference the allegations in paragraphs 1 to 68 of the Complaint, as if fully set forth herein.

70.    42 U.S.C. §1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secure by the constitution and law shall be liable to the party

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

injured in an action at law, suit in equity, or other appropriate proceeding for redress . . ."

71.     Charles Galloway is a citizen of the United States and Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

72.     Mr. Galloway was a pre-trial detainee.

73.     As a pre-trial detainee, Mr. Galloway was protected from deliberate indifference to his known serious medical needs by the Fourteenth Amendment.

74.     Under the Fourteenth Amendment, Plaintiff is also protected from conduct that is not rationally related to a legitimate nonpunitive governmental purpose or actions that appear excessive in relation to that purpose under *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015).

75.     To the extent he was under any conviction, Mr. Galloway was also protected from deliberate indifference to his known serious medical needs by the Eighth Amendment.

76.     All Defendants, at all times relevant hereto, were acting under color of state law, as the functional equivalent of a municipality providing medical care to inmates.

77.     All Defendants are liable for their deliberately indifferent policies, practices, habits, customs and widespread usages as described with particularity above with respect to the serious medical needs of inmates like Mr. Galloway and their deliberately indifferent failures in training and supervising their employees, including individual Defendants Boruchowitz and Wehrly. These Defendants have displayed a widespread pattern of deliberately indifferent medical care in NCDC, which includes: refusing to let inmates be seen by higher level medical providers, even when obviously necessary to prevent serious injury or death; choosing to not have their medical providers routinely see inmates that have been removed from general population due to sickness, in part to save money; refusing to allow inmates access to needed medical evaluations; allowing uneducated and underqualified persons to rely on other

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

underqualified persons to diagnose outside their scope of skills; and, a widespread custom and tolerated practice and habit of treating all inmate or detainee illnesses as faked or not serious until an inmate/detainee can prove otherwise, often to save money on providers and testing.

78. Nye County is also non-delegably liable for the deliberate indifferent policies, training, and supervision of the private companies it contracts with to provide medical care at NCDC.

79. The Defendants deliberately indifferent policies, failures to train and/or supervise, were moving forces in the violation of Mr. Galloway's constitutional rights.

80. Any and all other Defendants were on notice that their deliberate indifference would result and had resulted in a pattern of not providing desperately needed care to inmates with serious medical needs causing irreparable injury.

81. The failures in training and supervision were so obvious that the failure to provide the same was deliberately indifferent to the rights of the relevant public and a moving force in the complained of injuries and pain and suffering of Mr. Galloway.

82. Sheriff Sharon Wehrly, through policy making and final delegated decision making, ratified her employees and subordinates unconstitutional conduct by approving their decisions and the basis for them, including ongoing toleration of the known widespread culture of ignoring inmates' serious medical conditions, in part to save money.

83. Nye County's policies, practices, habits, customs, widespread usages, and lack of training and supervision that resulted in the failure to provide proper medical care to treat Mr. Galloway's known serious medical needs were not rationally related to a legitimate nonpunitive governmental purpose or were excessive in relation to that purpose.

84. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered injuries and losses, including permanent alteration of his arm, entitling him to recover his compensatory and special damages, including for loss of constitutional rights, loss of enjoyment

Page 13 of 16

of life, and his herein described horrific and terrifying pain and suffering, lost earnings and earnings capacity for the expected productive working lifetime of Plaintiff.

85.   As a result, Plaintiff suffered damages, in excess of $10,000, in an amount to be proven at trial.

## COUNT III
### Negligence
### (Against All Named Defendants and DOES 1-10)

86.   Plaintiff incorporate by reference the allegations in paragraphs 1 to 85 of their Complaint.

87.   As "professionals" who specialize in law enforcement and operations of correctional facilities like NCDC, Defendants had a duty to Plaintiff to exercise reasonable care in maintaining inmates with known medical conditions that require constant monitoring and attention.

88.   Defendants had a duty to otherwise conduct themselves as reasonable persons would behave in similar positions, particularly in light of the fact that Defendants were on notice of Mr. Galloway's condition. Said actions by the Deputy Defendants in concert with other law enforcement officers, engaged in obvious violation of their duties as sworn law enforcement agents.

89.   Defendants breached their duties to Plaintiff by failing to exercise reasonable care and control over the Deputy Defendants when they were making medical decisions on behalf of Mr. Galloway. The conduct recklessly, carelessly, and negligently caused exacerbation of injuries to Plaintiff.

90.   Defendants further breached their duties to Plaintiff when they failed to maintain adequate policies and procedures for inmates with medical conditions that need specific treatment.

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump, NV 89048

91. But for Defendants negligent actions, Plaintiff would not have suffered from a disabled arm causing suffering from the life long side effects of the same.

92. As a result of Defendants breach of its duties, Plaintiff suffered damages, in excess of $10,000, in an amount to be proven at trial.

## COUNT IV
### Respondeat Superior
### (Against Defendants' Sheriff Sharon Wehrly and Nye County and DOES 1-10)

93. Plaintiffs incorporate by reference the allegations in paragraphs 1 to 92 of their Complaint.

94. As "professionals" who specialize in law enforcement and operate NCDC, Defendants had a duty to Plaintiffs to exercise reasonable care in maintaining inmates with known medical conditions that require constant monitoring and attention. Defendants Sheriff Sharon Wehrly and Nye County and were under a duty to supervise subordinates and they violated that duty by allowing the Deputy Defendants to commit the above-described acts.

95. Defendants Sheriff Sharon Wehrly and Nye County had a duty to otherwise conduct themselves as reasonable persons would behave in similar positions, particularly in light of the fact that they have non-delegable duty to maintain adequate policies and procedures for handling inmates with medical conditions. Said actions by the Deputy Defendants in concert with law other enforcement officers, engaged in obvious violation of their duties as sworn law enforcement agents.

96. Defendants' Sheriff Wehrly and Nye County breached their duties to Plaintiffs by failing to exercise reasonable care and control over the Deputy Defendants when they were making medical decisions on behalf of Mr. Silveira who fell into a diabetic coma as a result. The conduct recklessly, carelessly, and negligently caused injuries to Plaintiff.

97. As a result of Defendants breach of its duties, Plaintiffs suffered damages, in excess of $10,000, in an amount to be proven at trial.

Page 15 of 16

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd, Suite 5
Pahrump, NV 89048

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, respectfully requests that, after due proceedings are had, this Court enter a judgment in her favor against Defendants NYE COUNTY, a political subdivision of the State of Nevada, SHERIFF SHARON WEHRLY, LIEUTENANT DAVID BORUCHOWITZ, and DOES 1-10, inclusive, for any and all damages incurred on their Counts I-IV, consisting of, but not limited to, severe emotional distress, damage to career, mental anguish and embarrassment, pain and suffering, and any and all relief to which they are entitled, including but not limited to, compensatory damages, nominal damages, punitive damages, emotional distress, and other applicable law, plus costs, interest and attorney's fees, in excess of $10,000.

DATED this _3/_ day of December, 2018.

Thomas J. Gibson, Esq.
Gibson Law Group, PLLC
2340 East Calvada Blvd., Suite 5
Pahrump, Nevada 89048
775-209-1035
tgibson@gibsonlawgroup.net

GIBSON LAW GROUP, PLLC.
2340 E. Calvada Blvd., Suite 5
Pahrump. NV 89048